In the Matter of HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, LOCAL 152, AFSCME, AFL-CIO, Petitioner-Appellee, Cross-Appellant, and STATE OF HAWAII, Employer-Appellee, Cross-Appellee, and PUBLIC EMPLOYEES MANAGEMENT ASSOCIATION OF HAWAII, ELSIE OSHITA. FLORENCE MAEDA, FRANCIS S. C. FONG, DONALD E. GATELY, NED GLENN, WARREN Y. IMADA, ROBERT MURASHIGE, Intervenors-Appellants, Cross-Appellees, and HAWAII PUBLIC EMPLOYMENT RELATIONS BOARD

NO. 6626

DECEMBER 29, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ., AND CIRCUIT JUDGE KANBARA IN PLACE OF NAKAMURA, J., DISQUALIFIED

OPINION OF THE COURT BY LUM, J.

In this appeal we examine the correctness of a circuit court order which dismissed an appeal to the circuit court from an adminis-

trative agency. The circuit court had ruled that since the appeal was interlocutory in nature, before such appeal could be filed with the circuit court, the agency must first have granted its approval. Both parties disagreed with this aspect of the court's order, manifesting different reasons therefor, and have appealed and cross appealed the court's ruling. We concur with the parties that the court erred in its ruling. Although we reverse such order, we limit our ruling only to the extent of reinstating the appeal with the circuit court.

I.

This case arose from proceedings before the Hawaii Public Employment Relations Board (HPERB). The Hawaii Government Employees' Association (HGEA), petitioner-appellee and cross-appellant, had filed petitions with HPERB to clarify and amend the coverage of three State of Hawaii bargaining units under HRS § 89-6. The petition sought to include certain government positions within the bargaining units.

Some two years and nine months after the petitions were filed, the Public Employment Management Association of Hawaii (PEMAH), intervenor-appellant and cross-appellee, filed petitions for intervention, claiming to represent all employees presently excluded from bargaining units. Thereafter, seven employees, all members of PEMAH, also filed individual petitions for intervention, opposing their proposed inclusion in bargaining units, and designating PEMAH as their representative.

On January 26, 1977, HPERB's order denied PEMAH's motion to intervene but granted the motion of the individual employees to intervene conditionally.[1]

---

[1] The order stated in part:

Turning now to the questions of intervention, upon which this Board heard oral testimony and argument and received written briefs, the Board has concluded that PEMAH has failed to demonstrate that it, an organization made up primarily of excluded employees, has any statutory or other right or legally assertable interest which would justify granting it intervenor status in these proceedings. . . .

. . . [T]he seven individuals named above are hereby granted intervenor status subject to the following restrictions:

. . . . .

2. Their participation will be limited to the production or questioning of

From this order, PEMAH and the individual employees appealed to the circuit court, which dismissed the appeals on grounds heretofore mentioned.

## II.

First, we take up the contention of HGEA that under Rule 72, Hawaii Rules of Civil Procedure, the circuit court lacked jurisdiction to hear the appeal because PEMAH's notice of appeal failed to name HPERB as a party appellee, and therefore this court should now dismiss the appeal. We hold that *Jordan v. Hamada,* 62 Haw. 444, 616 P.2d 1368 (1980), is dispositive of this issue. We held in *Jordan* that a failure to designate an agency as an appellee is hardly cause for dismissal, particularly where there is a policy favoring judicial review of administrative actions. On the basis of *Jordan,* we deny HGEA's motion to dismiss the appeal.

## III.

Next, we take up the circuit court's order holding that PEMAH's appeal was interlocutory and therefore HPERB's approval was required.

We find no language in chapter 91, Hawaii Administrative Procedure Act, or any other provisions of law, which requires agency approval before an interlocutory appeal may be taken from a ruling of such agency. HRS § 91-14(a) controls an appeal to the circuit court from an administrative agency, and so long as the requirements of HRS § 91-14(a) are met, the circuit court is vested with jurisdiction to hear the appeal. We rule that the circuit court erred in dismissing the appeal on the ground that HPERB's approval was required to perfect an interlocutory appeal.

---

evidence related solely to the duties and functions of the specific positions they occupy.

. . . The Board is of the opinion that PEMAH, a corporation, is a person as that term is used in Rule 1.07(b) of the Rules and Regulations of this Board and hence may represent the individual intervenors provided that they authorize PEMAH to act in a representative capacity for them. Rule 1.07(c).

## IV.

We now consider the question of whether HPERB's order is final or not. We hold that it is.

In determining whether an order is final or not for the purpose of appeal, this court has repeatedly stated that:

> [A] final judgment or decree is not necessarily the last decision of a case. What determines the finality of an order or decree is the nature and effect of the order or decree. *Monette v. Benjamin*, 52 Haw. 27, 467 P.2d 574 (1970); *Kalanianaole v. Liliuokalani*, 23 Haw. 457 (1916); *Dole v. Gear*, 14 Haw. 554, 566 (1903); *Humburg v. Namura*, 13 Haw. 702, 704 (1901); *see also Barthrop v. Kona Coffee Co.*, 10 Haw. 398 (1896).

*In re Application of Castle*, 54 Haw. 276, 278, 506 P.2d 1, 3 (1973).

In *Castle, supra*, the State filed an objection to a petition for the consolidation and the resubdivision of certain property with a seashore boundary. The petitioners filed a motion to strike the State's objection. After a hearing, the land court granted the motion to strike. On appeal, this court held that the land court's order to strike the State's objection was a final judgment, and the State had a right to appeal without leave of court.

This court noted that the State's interest in the consolidation action was "not unlike a right to intervene," and quoted a respected authority on the subject:

> Any denial of intervention should be regarded as an appealable order — as it surely is so far as the would be intervenor is concerned. 7A Wright, Federal Practice & Procedure § 1923. *See also.* Ionian Shipping Co. v. British Law Insurance Co., 426 F.2d 186, 189 (2d Cir. 1970).

*Id.* at 278-79 n.1, 506 P.2d at 4 n.1.

In the case at bar, PEMAH's position is identical to the situation of the State in *Castle*. PEMAH was denied intervention in the proceedings before HPERB just as the State in *Castle* was unable to take part in the consolidation action. In line with the holding of *Castle* and our previous decisions concerning finality, we find that HPERB's denial was a final appealable order, and PEMAH was entitled to appeal to the circuit court.

This holding is consistent with our recent discussion of finality in

*Gealon v. Keala,* 60 Haw. 513, 591 P.2d 621 (1979), in which we stated:

> "Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

*Id.* at 520, 591 P.2d at 626 (citations omitted).

In the case at bar, HPERB's order denying PEMAH's intervention was one ending the proceedings in regard to PEMAH, and therefore was a final order under *Gealon.*

We conclude that the circuit court erred in holding that HPERB's order denying PEMAH's intervention was interlocutory. We reverse and remand this case to the circuit court for further consideration and direct that all other issues raised by PEMAH and the individual employees in this appeal be heard and considered by the circuit court together with its companion case now pending before the circuit court arising from HPERB's Order No. 95.

*Herbert R. Takahashi (Bouslog & Symonds* of counsel), for intervenors-appellants, cross-appellees.

*Benjamin C. Sigal (Shim, Sigal, Tam & Naito* of counsel), for petitioner-appellee, cross-appellant.