86 P.3d 973

Steven H. LINDINHA, Claimant–
Appellant

v.

HILO COAST PROCESSING COMPANY,
Employer–Appellee,

and

Acclamation Insurance Management
Services, Inc., Insurance
Adjuster–Appellee.

No. 24141.

Supreme Court of Hawai'i.

March 18, 2004.

Reconsideration Denied April 6, 2004.

Herbert R. Takahashi, Stanford H. Masui, Danny J. Vasconcellos, and Rebecca L. Covert (Takahashi, Masui & Vasconcellos), Honolulu, on the briefs, for claimant-appellant.

Sidney J.Y. Wong and Colette H. Gomoto (Wong, Oshima & Kondo), Honolulu, on the briefs, for employer-appellee and insurance adjuster-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by ACOBA, J.

We hold that (1) an order regarding the award or denial of attorney's fees and costs with respect to Hawai'i Revised Statutes

(HRS) § 386–93(b) (1993)[1] is a final order under HRS § 91–14(a) (1993) for purposes of appeal, (2) this final order rule applies prospectively to prevent injustice, and (3) HRS § 386–93(b) allows assessment of attorney's fees and costs against an employer if the employer loses the final appeal. Accordingly, we conclude that an order like the May 29, 1997[2] order of the Labor and Industrial Relations Appeals Board (LIRAB) which denied the motion for reconsideration that attorney's fees and costs be awarded pursuant to HRS § 386–93(b) was a final order from which an appeal may be taken. However, inasmuch as under the case law in effect at the time the aforesaid order was entered, the order was not appealable until all rights were determined and no matter was retained for further action by the LIRAB, we treat the appeal of Claimant-appellant Steven H. Lindinha (claimant) as timely. On the merits of the appeal we hold that the LIRAB was wrong in concluding that claimant was not entitled to attorney's fees and costs pursuant to HRS § 386–93(b) because claimant's employer prevailed on its appeal to the LIRAB, inasmuch as the LIRAB's adverse decision was reversed in claimant's favor by the Intermediate Court of Appeals (the ICA).

## I.

On August 28, 1991, claimant reported a psychological injury to his employer, Hilo Coast Processing Company (Coast). Coast was insured by Appellee, Acclamation Insurance Management Services (AIMS). The following timeline is relevant.

On February 4, 1992, a hearing was held before the Director of the Department of Labor and Industrial Relations (DLIR) Disability Compensation Division to determine if the claim was compensable. In his March

31, 1992 decision, the Director determined that the claim was compensable.

On April 20, 1992, Coast filed a notice of appeal with the LIRAB.

On May 15, 1992, the Director issued an order amending the amounts owed to claimant in its March 31, 1992 decision.

On June 13, 1994, the LIRAB filed its decision and order finding that claimant's injury did not arise out of and in the course of employment, thereby reversing the Director's decision.

On June 23, 1994, claimant filed a notice of appeal to this court, No. 18168.

On March 12, 1997, the ICA filed a summary disposition order (SDO) reversing the LIRAB's June 13, 1994 decision and reinstating the Director's March 31, 1992 Decision and Order, as amended by the May 15, 1992 Amended Decision. The ICA determined that claimant's injury of August 28, 1991 did arise out of and in the course of employment.

On April 10, 1997, the Notice and Judgment on Appeal was filed by the Clerk of the Court.

On April 21, 1997, claimant filed a request for approval of attorney's fees and costs with the LIRAB to be assessed against Coast, pursuant to HRS § 386–93(b). Coast filed its objections to the request on May 1, 1997.

On May 14, 1997, the LIRAB issued an order approving the request for attorney's fees and costs in the amount of $35,377.16 as a lien on compensation payable by Coast. In essence the order denied claimant's request for attorney's fees and costs against Coast and AIMS on the ground that Coast prevailed in its appeal to the LIRAB. The LIRAB stated that "[p]ursuant to Section 386–93(b), [HRS], Employer/Insurance Adjuster is not responsible for claimant's attor-

---

1. HRS § 386–93(b) states in relevant part:
   If an employer appeals a decision of the director or appellate board, the costs of the proceedings of the appellate board or the supreme court of the State, together with reasonable attorney's fees shall be assessed against the employer, if the employer loses[.]

2. The May 29, 1997 order denying the motion for reconsideration of the May 14, 1997 order was the final order from which claimant was re-

quired to file a notice of appeal by Hawai'i Revised Statutes (HRS) § 386–88. According to Hawai'i Rules of Appellate Procedure Rule 4(a)(3), the time of appeal is affected by a post-judgment motion "[i]f, no later than 10 days after entry of judgment, any party files a motion that seeks to reconsider [the judgment] . . . [then] the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion."

ney's fee and costs." Rather, the LIRAB approved claimant's attorney's fee and costs but made the amount due of $35,377.16[3] a lien against the compensation payable by Coast and AIMS to claimant.

On May 23, 1997, claimant filed a motion for reconsideration arguing that HRS § 386–93(b) entitled him to attorney's fees and costs. Claimant argued that "considering the fact that the ICA's Decision/Judgment on Appeal dated April 10, 1997, reversed the LIRAB's order of June 13, 1994, and reinstated the March 31, 1992 Decision and Order of the Director[,] . . . under the statute (HRS § 386–93(b)) the Employer lost its appeal before the Appellate Board."

On May 29, 1997, the LIRAB filed an order denying claimant's motion for reconsideration. However, claimant did not appeal to this court from the order.

On February 13, 1998, a hearing was held before the Director to determine the remaining benefit issues raised by the claimant, namely (1) temporary disability period, (2) permanent disability, (3) vocational rehabilitation services, and (4) other issues as appropriate.

On March 23, 1998, the Director issued a supplemental decision finding that (1) claimant suffered no permanent disability resulting from the accident, (2) Coast paid temporary total disability (TTD) benefits through June 11, 1994, and no additional TTD benefits were due from June 12, 1994 through January 1, 1995, and (3) claimant was not eligible for vocational rehabilitation services and Coast had a reasonable basis to defend on the claim, thereby concluding that each party should be responsible for their own attorney's fees and costs.

On March 31, 1998, claimant filed a notice of appeal from the Director's March 23, 1998 supplemental decision.

3. Claimant's attorneys requested a total of 304.10 hours at $120.00 to $130.00/hour, and a total of $38,211.16 and $14,468.70 in costs. The court approved a total of $35,377.16 (216.35 hours × $95/hour plus costs in the amount of $14,036.26).

4. HAR § 12–47–53, however only allows motions for reconsideration thirty days after the board's

On July 28, 2000, the LIRAB issued its decision which affirmed, in part, that TTD was already satisfied, but reversed the Director on the issue of permanent disability. The LIRAB found that claimant was entitled to benefits for 5% permanent partial disability of the whole person.

On August 7, 2000, claimant submitted two separate requests for approval of attorney's fees and costs for the LIRAB's approval for services rendered before the LIRAB. The first request was not disputed, and was for the approval of fees and costs to be assessed against claimant in the form of a lien on claimant's compensation payment which had been awarded by the LIRAB in the July 28, 2000 decision.

The second request was for approval of attorney's fees and costs pursuant to HRS § 386–93(b), for services rendered before the LIRAB in the April 20, 1992 appeal filed by the Employer challenging the March 31, 1992 decision of the Director. Claimant informed the LIRAB by an August 7, 2000 letter that he was pursuing a renewed motion for reconsideration of the May 14, 1997 order approving the request for attorney's fees and costs as a lien on compensation to be paid claimant. Claimant stated that "Claimant/Claimant's attorneys now believe that due to the new composition of the Labor Appeals Board, the Board will now approve the Motion for Reconsideration previously filed on May 23, 1997." Claimant based his motion to renew on Hawai'i Administrative Rules (HAR) § 12–47–53.[4] However, at the hearing claimant explained that he believed there was no final decision until the Director and LIRAB had both completed their determinations of claimant's benefits.

On January 18, 2001, a hearing was held on claimant's renewed motion for reconsideration.

decision and order. Specifically, HAR § 12–47–53(a) states that, "[i]n the absence of an appeal and *within thirty days after mailing of a copy of the board's decision or order*, the board may, upon request of any party, or upon its own motion, reconsider or reopen the matter." (Emphasis added.)

On February 7, 2001, the LIRAB issued an order striking claimant's renewed motion for reconsideration. The LIRAB explained that "the August 7, 2000 renewed motion for reconsideration was improper and must be disregarded. If Claimant had wanted to further challenge our May 29, 1997 Order, his remedy was not to file another motion for reconsideration, but to appeal that Order to the Hawai'i Supreme Court."

The LIRAB thus disagreed with the claimant that "no appeal could have been taken to the Hawaii Supreme Court until July 28, 2000, when the Director and the Board completed their rulings on benefits." It noted that a "final judgment or decree is not necessarily the last decision of a case. What determines the finality of an order or decree is the nature and effect of the order or decree." *In re Hawai'i Gov't Emp. Ass'n,* 63 Haw. 85, 88, 621 P.2d 361, 364 (1980) (citations omitted). Referring to *Bocalbos v. Kapiolani Med. Ctr.,* 89 Hawai'i 436, 974 P.2d 1026 (1999), the LIRAB observed that

> the Hawai'i Supreme Court recognized the ongoing and piecemeal nature of workers' compensation proceedings, and the fact that each type of benefit such as temporary total disability ("TTD"), medical care, and permanent partial disability ("PPD") was separate and distinct from one another, such that an award of TTD had no bearing on a further award of PPD.

The LIRAB stated that "the Hawaii Supreme Court held that the Board's decision in *Bocalbos* relating to TTD and medical care was a final order from which an appeal could be taken, even though PPD and disfigure-

ment had not yet been decided." Thus, according to the LIRAB, "[a]lthough this case involves attorney's fees, and not TTD and medical care, we find the rationale behind the Court's holding in *Bocalbos* equally applicable here."

The LIRAB also stated that claimant did not timely file a request for attorneys fees according to HAR §§ 12–10–69 [5] and 12–47–55.[6] The LIRAB held that claimant should have filed a request for approval of attorney's fees within ten days of the filing of the LIRAB's June 13, 1994 Decision and Order.[7]

On March 8, 2001, claimant filed his notice of appeal in the instant case.

## II.

On appeal, claimant argues that the LIRAB erred: (1) as a matter of law in concluding that claimant was statutorily required to file a request for assessment of attorney's fees and costs against the employer under HRS § 386–93(b) within ten days of the filing of the LIRAB's June 13, 1994 decision and order; (2) as a matter of law and/or exceeded its discretion in denying claimant's request under HRS · § 386–93(b) for assessment of attorney's fees and costs against the employer and instead issuing the May 14, 1997 order approving the request as a lien against compensation paid the claimant; (3) in concluding that the May 14, 1997 order became final on May 29, 1997, after the denial of claimant's motion for reconsideration which the LIRAB determined to be a final appealable order; (4) as a matter of law and/or exceeded its limits of discretion in concluding

---

**5.** HAR § 12–10–69 states in relevant part as follows:

(a) *Within ten calendar days following the filing of a final decision and order* or upon the filing of a stipulation and settlement agreement, *attorneys seeking approval of fees and costs claims pursuant to section 386–94, HRS,* shall file with the department a request for approval of attorney's fees and costs setting forth a detailed breakdown of the time expended and costs incurred in each activity up to and including the date of the decision.
(Emphases added.)

**6.** HAR § 12–47–55 states in relevant part that *[w]ithin ten calendar days* following the filing of a final decision and order, or upon the filing of a stipulation and settlement agreement with

respect to an *appeal compromised pursuant to section 386–78, HRS,* attorneys seeking approval of fees pursuant to section 38–94, HRS, *shall file with the board a request for approval of attorneys fees* setting forth the various activities performed together with the time expended by the attorney in each activity.
(Emphases added.)

**7.** Claimant explained that his right to file for attorney's fees and costs assessed against Coast under HRS § 386–93(b) did not arise until the ICA's March 12, 1997 decision. Therefore, claimant's request was filed on April 21, 1997, a Monday, within ten calendar days of the ICA's April 10, 1997 notice of judgment on appeal.

that claimant's renewed motion for reconsideration was to be stricken from the record and not considered; and (5) in refusing to consider that claimant fell within the class intended to be covered under the remedial nature of HRS § 386–93(b).[8]

Coast in its answering brief argues that (1) the LIRAB properly struck claimant's renewed motion because it was untimely, (2) the LIRAB's order of May 29, 1997 was a final appealable order because it was a collateral order,[9] and (3) this court lacks jurisdiction to address claimant's arguments regarding the award of attorney's fee under HRS § 386–93(b).

### III.

We observe first, that a decision by the Director may be appealed to the LIRAB. HRS § 386–87 (1993).[10] Further, a "decision or order" of the LIRAB may be appealed to this court. HRS § 386–88 (1993).[11] HRS § 91–14(a) authorizes judicial review of "a final decision and order in a contested case." Generally, a "final order" is "an order ending the proceedings, leaving nothing further to be accomplished." *Gealon v. Keala,* 60 Haw. 513, 520, 591 P.2d 621, 626 (1979). However, a final order is not necessarily the last decision in a case. *In Re Hawai'i Gov't Emp. Ass'n.,* 63 Haw. at 88, 621 P.2d at 363. "What determines the finality of an order ... is the nature and effect of the order[.]" *Id.*

This court has defined the nature and effect of a final order in workers' compensation cases. In *Bocalbos,* this court held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91–14(a), although other issues remain. *Bocalbos,* 89 Hawai'i at 443, 974 P.2d at 1033.

In *Bocalbos,* the LIRAB awarded the employee, *inter alia,* TTD benefits for only a year, but did not decide the issues of permanent disability or disfigurement. *Id.* at 438, 974 P.2d at 1028. This court explained that the employee appealed, but the ICA dismissed the appeal for lack of jurisdiction. *Id.* The ICA explained that according to *Mitchell v. State Dept. of Educ.,* 77 Hawai'i 305, 884 P.2d 368 (1994), an order of the LIRAB is not an appealable final order under HRS § 91–14(a) (1993) if the rights of a party involved remain undetermined or if the matter is retained for further action. *Bocalbos,* 89 Hawai'i at 438, 974 P.2d at 1028 (internal quotation marks omitted). The employee applied for a writ of certiorari. *Id.*

On certiorari, this court viewed the special nature of workers' compensation cases as creating " 'independent rights' to awards for medical service, temporary compensation, and permanent disability[.]" *Id.* at 439, 974 P.2d at 1029. Examining the law in other jurisdictions having similar jurisdictional requirements for workers' compensation cases, *Bocalbos* adopted the "benefit rule" exemplified in Colorado Revised Statutes § 8–43–301(2), (10), and (11) (1998). That statute "authorizes judicial review of 'any order which requires any party to pay a penalty or benefits or denies a claimant any benefit or penalty.' " *Bocalbos,* 89 Hawai'i at 440,

---

**8.** In light of our disposition we need not reach items 4 and 5.

**9.** Coast argues that the orders regarding attorney's fees were collateral orders appealable at the time they were filed. However, due to the unique nature of attorney's fees and costs orders under HRS §. 386–93(b) we need not address the question of whether such orders were collateral, inasmuch as we hold that they are final orders.

**10.** This statute allows the Director's decision to be reviewed by the LIRAB. HRS § 386–87 states in relevant part:

A *decision of the director shall be final* and conclusive between the parties, except as provided in section 386–89 [reopening cases and continuing jurisdiction of the Director], *unless* within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal[.]

(Emphases added.)

**11.** HRS § 386–88 states in relevant part:

The *decision or order of the appellate board shall be final* and conclusive, except as provided in section 386–89 [reopening of cases], *unless within thirty days* after mailing of a certified copy of the decision or order, the director or any other *party appeals to the supreme court* subject to chapter 602 [courts of appeal] by filing a written notice of appeal with the appellate board.

(Emphases added.)

974 P.2d at 1030. This court took into consideration the unique nature of workers' compensation cases, stating that "[a] workers' compensation case ... is an ongoing proceeding[;] ... an inherent and unique characteristic of a workers' compensation case is its piecemeal nature." *Id.* at 442, 974 P.2d at 1032. This court also considered the "primary purposes of the Hawai'i workers' compensation law [which were] prompt determination and disposition of claims for compensation." *Id.* Based on these considerations, this court specifically held that

> where entitlement to permanent disability or disfigurement benefits is the right of the claimant that remains undetermined and is the matter for which jurisdiction is retained by the director of labor, a decision of the LIRAB that otherwise finally adjudicates the matters of medical and temporary disability benefits is an appealable final order under HRS § 91–14(a).

*Id.* at 443, 974 P.2d at 1033.

## IV.

Claimant relies on *Mitchell* for its holding that "an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." *Mitchell,* 77 Hawai'i at 307, 884 P.2d at 370 (quoting *Gealon,* 60 Haw. at 520, 591 P.2d at 626). According to *Mitchell,* a "case will be ripe for judicial review only after the Director makes a determination as to the amount of compensation owed, if any." *Id.* at 308, 884 P.2d at 371. Claimant reasons that because as of the time of the May 14, 1997 and May 29, 1997 orders the only issue determined was compensability of the claim and temporary disability and permanent disability were yet to be determined, these were not final orders under HRS § 91–14(a).

■ But, in *Bocalbos* this court "clariff[ied]" the holding in *Mitchell. Bocalbos,* 89 Hawai'i at 443, 974 P.2d at 1033. This court explained that although generally, as in *Mitchell,* all claims should be appealed at one time, when there is "[a]n award of medical benefits and temporary disability wage benefits [these awards] determine[ ] a claimant's rights to those benefits. An award of such benefits has no bearing on any future award for permanent disability wage benefits." *Id.* at 442, 974 P.2d at 1032.

Similarly, an order awarding or denying attorney's fees and costs under HRS § 386–93(b) "determines a claimant's rights to those benefits." *Id.* An award of attorney's fees and costs under HRS § 386–93(b), if made, is similar to an award of medical benefits or wage benefits because it requires the employer or insurance company to pay an amount on behalf of an employee. If the claimant successfully opposes an employer's appeal, the employer is required to pay attorney's fees and costs which would otherwise be deducted from the claimant's award, *see* HRS § 386–94 (1993) (claims for attorney's fees and costs must be approved by the Director, or if there is an appeal, by the LIRAB or court and "[a]ny claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court"), or, if no award is made, presumably from the claimant's own resources. The imposition of attorney's fees and costs has no bearing on any future award because the fees and costs claimed are attributable to the issue which the employer has appealed. Consequently, the award of attorney's fees and costs under HRS § 386–93(b) has no bearing on any other matters. An award of attorney's fees and costs, then, is final under the *Bocalbos* rationale for purposes of an appeal.

Under the *Bocalbos* rationale, an order denying a HRS § 386–94 request for fees would also be a final order. Such an order may result in a lien on benefits yet to be decided or on benefits the total amount for which is undetermined. However, the fees authorized by HRS § 386–94 are separate from the benefits otherwise awarded and the court's denial of such a request determines the claim for fees. Accordingly, the order denying fees under HRS § 386–94 is also a final order for purposes of appeal in worker compensation cases.

## V.

A final decision and order of the LIRAB is appealable within thirty days after the date

of mailing of the decision and order. HRS § 386–88. A motion for reconsideration of the decision and order filed within the thirty-day period for appeal extends the time for appeal until the date of mailing of a decision on the motion for reconsideration. HAR § 12–47–53. Applying the rationale of *Bocalbos,* claimant should have appealed from the May 29, 1997 order. Because claimant failed to file an appeal from that order within the prescribed time, the appeal would be untimely under the *Bocalbos* rationale.

However, at the time of the May 29, 1997 order, the law required claimant to appeal at the end of the case. According to *Mitchell,* a "case will be ripe for judicial review only after the Director makes a determination as to the amount of compensation owed, if any." *Mitchell,* 77 Hawai'i at 308, 884 P.2d at 371. When claimant filed his request for attorney's fees and costs, he expressly relied on *Mitchell.* Apparently his reliance on *Mitchell* was the reason he failed to file an appeal after the May 29, 1997 denial of reconsideration.

In a letter to the LIRAB, claimant's attorney explained that "[c]onsidering that the [May 14, 1997 and May 29, 1997] orders prepared by the Board are not 'final orders,' under HRS § 91–14," the case should be remanded to the Director for determination of the remaining issues. Claimant's attorney stated that the reason for remand was the "recent Supreme Court Decision" in *Mitchell* "where the Court concluded that it lacked appellate jurisdiction to consider claimant's issues on appeal considering that there was no 'final decision.'" Therefore, as the appeal would have been considered timely under *Mitchell,* it would be unjust to apply the aforementioned final order rule to claimant.

Because the law at the time appeared to mandate claimant to appeal at the end of the case, in the interest of fairness, we apply the above-stated rule prospectively. *See State v. Ikezawa,* 75 Haw. 210, 220–21, 857 P.2d 593, 598 (1993) ("[W]here substantial prejudice results from the retrospective application of new legal principles to a given set of facts, the inequity may be avoided by giving the guiding principles prospective application only." (Footnote omitted.)); *see also State v.*

*Garcia,* 96 Hawai'i 200, 211, 29 P.3d 919, 930 (2001) (holding that "when questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions" (brackets omitted)). Consequently, under *Mitchell,* claimant's appeal was not untimely. Thus we reach the merits of this appeal.

## VI.

*Chung v. Animal Clinic, Inc.,* 63 Haw. 642, 651, 636 P.2d 721, 727 (1981), explained that orders of the LIRAB are reviewed under HRS § 91–14(g). According to HRS § 91–14(g), this court "may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are . . . [i]n violation of constitutional or statutory provisions[.]"

## VII.

Initially, we reject the rationale of the LIRAB in its February 7, 2001 Decision and Order stating that pursuant to HAR §§ 12–10–69 and 12–47–55 claimant should have filed the request within ten calendar days of the LIRAB's June 13, 1994 decision. The LIRAB does not clarify why claimant should have filed a reconsideration for attorney's fees and costs after June 13, 1994. HAR §§ 12–10–69 and 12–47–55 do not apply to the February 7, 2001 order because, based on the foregoing, claimant could not request attorney's fees under HRS § 386–93(b) until after he received a favorable decision. The ICA subsequently rendered such a decision. Assuming *arguendo* the applicability of HAR §§ 12–10–55 and 12–47–69, claimant timely filed his fees and costs request within ten days following the notice of judgment on appeal from the ICA.

## VIII.

■ Second, we hold that the LIRAB erred when it concluded that because Coast "prevailed in its appeal to the Appeals Board . . . [therefore, p]ursuant to 386–93(b), [HRS], Employer/ Insurance Adjuster is not responsible for Claimant's attorney's fees

and costs." Pursuant to HRS § 91–14(g), we reverse this conclusion as violating the provisions of HRS § 386–93(b).

Claimant argues that there is a clear legislative intent that, under HRS § 386–93(b), "an appealing employer shall pay court costs and attorney's fees only if he loses the *final appeal* [.]" Stand. Comm. Rep. No. 537, in 1967 House Journal, at 608 (emphasis added). Hence, because claimant ultimately won on the final appeal, Coast lost and should be required to pay claimant's attorney's fees and costs pursuant to HRS § 386–93(b). Coast asserts that a "favorable decision [at the LIRAB] validates the appeal by the employer[,]" therefore, the employer should not have to pay the claimant's fees and costs for the LIRAB appeal.

### IX.

"The interpretation of a statute is a question of law reviewable *de novo*." *Franks v. City & County of Honolulu,* 74 Haw. 328, 334, 843 P.2d 668, 671 (1993). When construing a statute, this court's foremost obligation "is to be obtained primarily from the language contained in the statute itself." *Id.* (quoting *In re Hawaiian Tel. Co.,* 61 Haw. 572, 577, 608 P.2d 383, 387 (1980)).

Based on the plain language of HRS § 386–93(b) that "if an employer appeals a decision of the Director ... [and] ... the employer loses[,]" Coast should have been assessed the attorney's fees and costs. *Cf. Hole v. Miami Shipyards Corp.,* 640 F.2d 769 (5th Cir.1981) (interpreting a federal statute similar to HRS § 386–93(b) and holding that if the employer ultimately loses the appeal, the employer must bear the cost of its initial appeal and the subsequent appeal).

HRS § 386–93(b) refers to an appeal by the employer from "[ (1) ] a decision of the director or [ (2) the decision of the] appellate board." "The costs of the proceedings of the appellate board" obviously refer to the appeal from the decision of the director inasmuch as an appeal from the director is to be

LIRAB. *See* HRS § 386–87. In a similar vein, "the costs of the proceedings of the supreme court" refers to the appeal of "a decision of the ... appellate board," because an appeal from the decision of the LIRAB is to this court. *See* HRS § 386–88. Hence, the reference to the appeal of "a decision of the director or appellate board" simply signifies the point from which the appeal is taken.

Under the plain language of the statute, the foregoing phrase does not qualify that stage in the appellate process at which the employer must lose in order to incur liability for attorney's fees and costs, as the LIRAB apparently decided. Rather, the language broadly authorizes fees and costs be paid "if the employer loses[.]" HRS § 386–93(b). Thus the text contemplates an appeal that is ultimately decided in this court.

Moreover, the statute states that "the costs of proceedings of the *appellate board or the supreme court* of the State ... shall be assessed against the employer[.]" (Emphasis added.) As such, the statute plainly authorizes assessment of attorney's fees and costs against the employer if it loses, whether the case ends in the LIRAB or this court.[12] The gravamen of the statute is that attorney's fees and costs are awarded to the employee if the employer ultimately loses its appeal, irrespective of where the appeal was first brought. As such, we read the statute as assessing fees and costs against an employer if the employer loses the final appeal.

### X.

This facial construction of the statute is confirmed by reference to legislative history, if it is posited, *arguendo,* that the language is ambiguous. *Franks,* 74 Haw. at 335, 843 P.2d at 671–72.

The legislature intended that an employer will be assessed fees and costs if the employer loses the "final appeal." The House Standing Committee stated that an amend-

---

12. Of course, an appeal to the supreme court may be assigned to the ICA. *See* HRS § 602–5(8) (1993) (stating that "[a]ll cases addressed to the jurisdiction of the supreme court or of the intermediate appellate court shall be filed with the supreme court[;] ... the chief justice or the chief justice's designee ... shall receive each case and shall assign the case either to the intermediate appellate court or to the supreme court").

ment [13] to 97–102(b) Revised Laws of Hawai'i (R.L.H.) 1955, the predecessor statute of HRS § 386–93(b), "would preserve the present requirement that an appealing employer shall pay court costs and attorney's fees only if [the employer] loses the *final appeal.*" Stand. Comm. Rep. No. 537, in 1967 House Journal, at 608 (emphasis added). Additionally, the House Judiciary Committee stated that

[t]his bill preserves the present requirement under section 97–102(b), R.L.H.1955, as amended, that an appealing employer will pay the court costs and attorney's fees only if [the employer] *loses the final appeal.* Thus, on appeal, if the *final decision or judgment* holds another employer or insurance carrier other than the appealing employer liable, the court cost and attorney's fees will be paid by such employer or insurance carrier found to be liable for the compensation.

Stand. Comm. Rep. No. 707, in 1967 House Journal, at 749 (emphases added).

In *Survivors of Iida v. Oriental Imports, Inc.,* 84 Hawai'i 390, 405, 935 P.2d 105, 120 (App.1997), the ICA held that an issue which was appealed by the employer to the LIRAB but later withdrawn, resulted in expenses for the employee and therefore could be assessed under HRS § 386–93(b). In reaching its decision, the ICA reasoned that in enacting this statute, the legislature sought to achieve fairness and "recognized the comparative financial disparities between employers and employees in this context." *Id.* at 403, 935 P.2d at 118.

An employee seeking workers' compensation benefits is, under most circumstances, unemployed ... [therefore] the costs of proceedings present an onerous burden for employees. It would be inherently inequitable to force an already burdened worker ... to twice expend funds successfully litigating a claim for workers' compensation.

Fairness dictates, then, that employers both assume the risk and ultimately pay for the costs associated with unsuccessful appeals.

*Id.* The ICA observed that consistent with the purpose of HRS § 386–93(b), "[i]t will also discourage vexatious litigation and the use of discovery, depositions, motions, and appearances to either harass employees or extract unnecessary expenditures from a party already facing dire financial straits." *Id.* at 405, 935 P.2d at 120. Consequently, it would appear inconsistent with the intent of the legislature to foreclose payment for attorney's fees and costs to the claimant if the employer ultimately loses in the final appeal of the case.

## XI.

For the foregoing reasons, the May 14, 1997 order approving request for attorney's fees and costs as a lien on compensation payable by the employer, the May 29, 1997 order denying claimant's motion for reconsideration, and the February 7, 2001 order striking claimant's renewed motion for reconsideration are vacated. The case is remanded to the LIRAB with instructions to enter the May 14, 1997 award of attorney's fees and costs not as a lien on benefits to the employee, but pursuant to HRS § 386–93(b).

---

**13.** The amendment added the following (underscored) to 97–102(b) Revised Laws of Hawai'i 1955:

If an employer appeals a decision of the director, appellate board or circuit court, the costs of the proceedings of the appellate board, circuit court of the State, together with reasonable attorney's fees shall be assessed against the employer, if the employer loses; provided that if an employer or an insurance carrier, other than the employer who appealed, is held liable for compensation, the costs of the proceedings of the appellate board, circuit court, or the supreme court of the State together with reasonable attorney's fees shall be assessed against the party held liable for compensation.