**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001392
31-JUL-2014
08:03 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

DONALD W. COLE,
Claimant-Appellee,
v.
AOAO ALII COVE,
Employer-Appellant,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Insurance Carrier-Appellant

NO. CAAP-13-0001392

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2010-089(WH) (9-08-01173))

JULY 31, 2014

FOLEY, PRESIDING J., FUJISE AND GINOZA, JJ.

OPINION OF THE COURT BY FOLEY, J.

In this workers' compensation case, Employer-Appellant
AOAO Alii Cove (**Alii Cove**) and Insurance Carrier-Appellant Hawaii
Employers' Mutual Insurance Company (together, **Appellants**) appeal
from the (1) March 19, 2013 "Decision and Order" (**D&O**), (2) May
13, 2013 "Order Denying Employer's Motion," which denied
Appellants' "Motion for Reconsideration and to Reopen Decision
and Order and Motion for Leave to Sign Appeal and Notice of
Appeal" (**Motion for Reconsideration**), and (3) June 12, 2013

"Attorney's Fee Approval and Order," all issued by the Labor and Industrial Relations Appeals Board's (**Board**).

On appeal, Appellants contend the Board erred when it (1) concluded a missing signature on Appellants' notice of administrative appeal deprived it of subject matter jurisdiction and dismissed the administrative appeal, and (2) approved Claimant-Appellee Donald W. Cole's (**Cole**) request for attorney's fees.

## I. BACKGROUND

On September 18, 2008, Cole sustained a work injury to his right ankle. On December 10, 2009, the Director of the Department of Labor and Industrial Relations Disability Compensation Division (**Director**) determined Cole was entitled to temporary total disability benefits (**TTD**) from November 1, 2008 through December 21, 2008. The Director also determined Cole did not sustain any temporary partial disability from the work injury and left the "matters of permanent disability and/or disfigurement," if any, to be determined at a later date.

On February 26, 2010 the Director issued a Supplemental Decision ordering Alii Cove, under Hawaii Revised Statutes (**HRS**) §§ 386-21 (Supp. 2008) and 386-26 (Supp. 2005), "to pay for Michael Dickens, N.D.'s [(**Dr. Dickens**)] treatment plan dated [December 18, 2009] for an orthopedic surgery evaluation referral to Charles A. Soma, M.D. [(**Dr. Soma**)]" (**February Decision**). Appellants appealed the February Decision to the Board on March 18, 2010. At Cole's request, the Board temporarily remanded the case to the Director to determine additional issues.

On October 7, 2011, the Director issued another Supplemental Decision determining: (1) Cole suffered a compensable injury to his low back in addition to his right ankle; (2) Alii Cove was liable for four treatment plans by Dr. Dickens (dated December 18, 2009, March 1, 2010, March 31, 2010, and November 22, 2010); (3) Alii Cove was liable for two treatment plans by Nathan Ehrlich, N.D. (**Dr. Ehrlich**) (dated January 14, 2011 and March 14, 2011); (4) Alii Cove was not liable for three other treatment plans (dated November 5, 2010,

2

February 7, 2011, and May 6, 2011); (5) Cole's change in his attending physicians was approved; and (6) Alii Cove was liable for TTD for various time periods from November 2009 through March 2011, totaling just over 71 weeks and $49,614.85 (**October Decision**). On October 26, 2011, Appellants filed a notice of appeal with the Board from the October Decision. This notice is the root of the present controversy.

When filed, the four-page notice of appeal document was comprised of (1) a letter from and signed by Appellants' counsel, stating that Appellants' Appeal and Notice of Appeal was enclosed; (2) the Appeal and Notice of Appeal which notified the Board that Appellants were appealing the Director's October Decision *but which was not signed*; and (3) a Certificate of Service that was signed by Appellants' counsel. The omission appears to have gone unnoticed for over a year.

On November 4, 2011, Appellants filed a Motion For Stay of Payments ordered by the October Decision.[1] On November 9, 2011, the Board issued a Notice of Initial Conference for December 5, 2011, providing the "conference will be held to simplify the issues, establish deadlines, and discuss disposition of the administrative file, possible settlement, and any other matters which may aid in the orderly resolution of the appeal." Cole filed his Initial Conference Statement on November 21, 2011 and under the section titled Statement of the Issues, provided: "Deferred, as this is [Appellants'] appeal." On December 1, 2011, Appellants filed their Initial Conference Statement providing:

> The nine issues that we will raise on our two appeals are:
>
> From the Director's February 26, 2010 supplemental decision:
>
> 1) Whether [Cole] is entitled to, and [Alii Cove] liable for the December 18, 2009 treatment plan by [Dr. Dickens], for an orthopedic evaluation referral to [Dr. Soma].
>
> From the Director's October 7, 2011 supplemental decision:

---

[1] Cole filed his opposition to Appellants' Motion for Stay on December 8, 2011 and the Board denied the motion on December 22, 2011.

2)     Whether [Cole] is entitled to, and [Alii Cove] liable for the December 18, 2009 treatment plan by [Dr. Dickens].

3)     Whether [Cole] is entitled to, and [Alii Cove] liable for the March 1, 2010 treatment plan by [Dr. Dickens].

4)     Whether [Cole] is entitled to, and [Alii Cove] liable for the March 31, 2010 treatment plan by [Dr. Dickens].

5)     Whether [Cole] is entitled to, and [Alii Cove] liable for the November 22, 2010 treatment plan by [Dr. Dickens].

6)     Whether [Cole] is entitled to, and [Alii Cove] liable for the January 14, 2011 treatment plan by [Dr. Ehrlich].

7)     Whether [Cole] is entitled to, and [Alii Cove] liable for the March 14, 2011 treatment plan by [Dr. Ehrlich].

8)     Whether [Cole] is entitled to, and [Alii Cove] liable for temporary total disability for the time periods beginning 10/15/2009 through 11/30/2009; 12/2/2009 through 1/31/2010; 2/2/2010 through 5/31/2010; 6/2/2010 through 7/31/2010; 8/2/2010 through 12/31/2010; and 3/2/2011 through 4/30/2011 for 71 and 2/7 weeks for a total of $49,614.85.

9)     Whether the Director erred in finding [Cole's] low back condition compensable as a result of the September 18, 2008 work injury.

On December 12, 2011 the Board issued its First Amended Pretrial Order, providing the nine issues raised by Appellants' Initial Conference Statement were to be determined by the Board. Trial was set for September 24, 2012.

On June 8, 2012, Cole filed a Motion for Temporary Remand so the Director could determine Cole's entitlement to reimbursement for additional treatment plans denied by Appellants following the October Decision. The Board denied this motion on August 6, 2012. The parties agreed by stipulation, approved by the Board, to waive their rights to appear in person at trial scheduled for September 24, 2012, electing to submit memoranda instead.

On November 9, 2012, the Board issued an Order to Show Cause "as to why this case should not be dismissed for lack of a proper appeal, where the October 26, 2011 document was not signed[,]" providing:

Whereas, [] on October 26, 2011, a document entitled "APPEAL AND NOTICE OF APPEAL" was filed with the Department

4

> of Labor and Industrial Relations, Disability Compensation Division; and
>
> Whereas, said document was not signed; and
>
> Whereas, [HRS § 371-4 (Supp. 2012)], provides that "[t]he [Board] may adopt rules and regulations within its area of responsibility in accordance with chapter 91"; and
>
> Whereas, Section 12-47-13(c) of the Rules of Practice and Procedure . . . of the [Board] provides, in pertinent part, as follows: "The original of each document, including appeals, complaints, answers, motions, notices, briefs, and amendments shall be signed and dated in black ink by each party or its authorized representative."

Cole contended Hawaii Administrative Rules (**HAR**) § 12-47-13(c) requires a notice of appeal to be signed, the lack of a signature invalidated Appellants' notice of appeal, and dismissal was warranted because the 20-day time period to appeal from the October Decision had passed. Appellants responded that their signed letter constituted a "written notice of appeal" per HRS § 386-87(a) (1993), that they were willing to sign the unsigned Appeal and Notice of Appeal, and that no prejudice occurred consequent to the missing signature. Appellants also contended in the alternative that neither HAR § 12-47-13(c) nor HAR § 12-10-61(c) requires appeals to be signed.

On December 6, 2012, the Board held a hearing on the matter and asked for supplemental briefing. In their second Memorandum in Support of Objections to Order to Show Cause, filed January 14, 2013, Appellants attached a signed copy of the Appeal and Notice of Appeal. Appellants cited <u>Becker v. Montgomery</u>, 532 U.S. 757 (2001) for the proposition that "a person's failure to sign the notice of appeal does not deprive the court of appellate jurisdiction if the omission is corrected once it is called to the appellant's attention . . . ." Cole contended <u>Becker</u> was distinguishable because <u>Becker</u> interpreted Federal Rules of Appellate Procedure Rules 3 and 11(a), the latter of which provides a signature omission procedure, while HAR §§ 12-10 and 12-47 do not.

On March 19, 2013, the Board issued its D&O, finding:

> 6.   Although [Alii Cove] offered to correct its omission 20 days after the Order to Show Cause was issued, [Alii Cove] had not corrected its omission and has not

sought leave to correct the omission by way of a motion pursuant to the [Board] Rules.

7. The Board finds, therefore, that the omission was not corrected or cured promptly.

8. The Board finds that neither the signed Certificate of Service nor the letter or memo transmitting the document to the Disability Compensation Division were appeals of the Director's October 7, 2011 decision.

9. The Board further finds that the October 26, 2011 unsigned document was null and void and not a valid Appeal and Notice of Appeal and was fatal to [Alii Cove's] appeal of the Director's October 7, 2011 decision.

The Board cited Hawai'i Rules of Civil Procedure (**HRCP**) Rule 11(b), "as guidance" regarding the representations made by a signature and the consequent lack of such representations in an unsigned document. The Board distinguished signed cover letters, characterizing Appellants' letter as such, from the signed letters of appeal in the cases cited by Alii Cove. The Board concluded it lacked jurisdiction over Appellants' appeal of the Director's October Decision because the "Appeal and Notice of Appeal filed was not signed by [Alii Cove] and therefore did not vest the Board with subject matter jurisdiction over such an appeal." Consequently, the Board dismissed all issues on appeal except for the sole issue appealed from the February Decision: whether Appellants were liable for the December 18, 2009 treatment plan by Dr. Dickens, for an orthopedic surgery evaluation referral to Dr. Soma.[2] On March 25, 2013, Cole filed a Request for Approval of Attorney's Fee.

On March 28, 2013, Appellants filed the Motion for Reconsideration. Regarding the reconsideration portion of the motion, Appellants contended (1) the signed Certificate of Service was not separate from the Appeal and Notice of Appeal and thus the Notice of Appeal was signed,[3] (2) HRS § 386-87 does not require a specific form for the notice of appeal and the signed

_____

[2] The February Decision and October Decision were appealed separately to the Board and the Appeal and Notice of Appeal from the February Decision was signed.

[3] Appellants' contention is based on the fact that the certificate is numbered 3 of 3 with the first two pages being the unsigned Appeal and Notice of Appeal.

cover letter was sufficient, and (3) Appellants' "later advocating". of their appeal to the Board provided the certifications contemplated by HRCP Rule 11(b).[4] Regarding the motion for leave to sign the appeal and notice of appeal portion of the Motion for Reconsideration, Appellants contended

> Now that the Board has made a determination as of March 19, 2013 in its [D&O] that the Appeal and Notice of Appeal is invalid without a signature on page 2 of the Appeal and Notice of Appeal document, the [Appellants' seek] leave from the Board to correct the omission and sign the Appeal and Notice of Appeal . . . in the place provided on page 2 of the Appeal and Notice of Appeal.

Appellants reiterated their position that there is no specific procedure for correcting such an omission and that the Board's practice for missing signatures on other documents is simply to notify the attorney and allow the attorney to sign the document without requiring separate motions. Appellants contended manifest injustice would occur if the motion for leave was not granted as that motion was filed just eight days after the Board dismissed the appeal for lack of jurisdiction.

Cole responded that reconsideration was not appropriate because Appellants presented no new evidence. Cole contended that per HRCP Rule 11(b), Appellants were obligated to correct

---

[4]     HRCP Rule 11(b) provides:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

the omission promptly after it was brought to their attention, and at the earliest, Appellants offered to correct the omission over 4 months after it was called to their attention by the Board's Order to Show Cause and that such delay "isn't acting promptly."

On April 22, 2013, the parties submitted post trial memoranda regarding the non-dismissed issue.

The Board denied Appellants' Motion for Reconsideration on May 13, 2012 (**May Reconsideration Decision**), and issued a Supplemental Decision and Order on May 28, 2013 (**Supplemental Order**), resolving the outstanding issue on appeal by concluding Appellants were not liable for the December 18, 2009 treatment plan by Dr. Dickens because the referral was deficient under HAR § 12-15-42(b). On June 12, 2013, the Board approved Cole's request for attorney's fees under HRS § 386-93(b) (Supp. 2013). Also on June 12, 2013, Appellants appealed the D&O and May Reconsideration Decision to this court. On June 21, 2013, Appellants filed an amended notice of appeal, adding the Board's grant of attorney's fees to the appeal.

## II. STANDARD OF REVIEW

Appellate review of the Board's decision is governed by HRS § 91-14(g) (2012 Repl.), which provides:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> Under HRS § 91-14(g), conclusions of law (COLs) are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3).

> A COL is not binding on an appellate court and is freely reviewable for its correctness. Thus, the court reviews COLs de novo, under the right/wrong standard.

Capua v. Weyerhaeuser Co., 117 Hawai'i 439, 444, 184 P.3d 191, 196 (2008) (quoting Tam v. Kaiser Permanente, 94 Hawai'i 487, 494, 17 P.3d 219, 226 (2001) (brackets omitted).

## III. DISCUSSION

### A. This court has jurisdiction.

Cole contends the "agency decision was not a final decision, and did not resolve all claims arising from this workers compensation matter." Citing Bocalbos v. Kapiolani Med. Ctr. for Women and Children, 89 Hawai'i 436, 974 P.2d 1026 (1999), Cole contends this court lacks jurisdiction because "[t]o date, there has been no determination at any level at the Department of Labor regarding permanent disability, further temporary disability or further medical care." (Emphasis in original.) Cole misapprehends Bocalbos.

HRS § 91-14(a) authorizes judicial review of "a final decision and order in a contested case . . . ." While a final order is generally one that ends the proceedings, leaving nothing further to be accomplished, "a final order is not necessarily the last decision in a case." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004). Workers' compensation proceedings create "independent rights' to awards for medical service, temporary compensation, and permanent disability[.]" Id. (citing Bocalbos, 89 Hawai'i at 439, 974 P.2d at 1029) (internal quotation marks omitted). "Given that the matter of permanent disability benefits may be left undetermined for a considerable length of time, an injured worker or an employer must be allowed to seek appellate review of a medical benefits or temporary disability issue, even if the matter of permanent disability has been left for later determination." Bocalbos, 89 Hawai'i at 442, 974 P.2d at 1032. Consequently, regarding workers' compensation cases, this jurisdiction follows the "benefit rule," which "authorizes judicial review of any order which requires any party to pay a penalty or benefits [sic] or denies a claimant any benefit or penalty." Lindinha, 104

Hawai'i at 168, 86 P.3d at 977 (citation and internal quotations marks omitted).

The D&O resolved all but one issue through dismissal, which, in effect, required Alii Cove to pay the challenged medical benefits. The Supplemental Order, while not appealed to this court, resolved the remaining issue before the Board. As such, we have jurisdiction over the D&O, the May Reconsideration Decision, and the Board's grant of attorney's fees.[5]

**B.   The missing signature did not warrant dismissal.**

Cole contends the Board did not err by dismissing Appellants' appeal of the October Decision because Appellants failed to correct the omitted signature promptly: "Up until its belated Motion for Reconsideration [on] March 28, 2013, Appellants did nothing to correct the deficiency. This was 139 days after being apprised of the defect by the [Board] and more than 538 days after the filing of the defective appeal[.]" However, the Board found Appellants offered to correct the omission 20 days after the omission was brought to their attention in the Order to Show Cause. And, just over two months after the Order to Show Cause was issued, Appellants submitted a signed copy of the unsigned appeal document. Notwithstanding this offer and attempt to cure, the Board concluded the omission was not cured promptly because Appellants had neither corrected the omission nor "sought leave to correct the omission by way of a motion pursuant to the [Board] Rules."

HAR § 12-47-13(c) ("Format for pleadings and other documents.") requires appeals and notices to be signed: "The original of each document, including appeals, complaints, answers, motions, notices, briefs, and amendments shall be signed and dated in black ink by each party or its authorized representative."

HAR § 12-47-17 ("Defective documents.") appears to address the effect of a filed, unsigned document, but does not

---

[5]      Applying the benefit rule, Lindinha concluded "the award of attorney's fees and costs under HRS § 386-93(b) has no bearing on any other matters . . . [and] is final under the Bocalbos rationale for purposes of an appeal." Lindinha, 104 Hawai'i at 169, 86 P.3d at 978.

provide a procedure for curing the omission: "Any document filed with the [Board], which is not in compliance with applicable rules, orders, or statutes may be accepted by the chief clerk or designee and filed. The mere fact of filing, however, shall not waive any failure to comply with this chapter or any other legal requirement."

HAR § 12-47-15 ("Retention of documents by the [Board].") appears to be the Board rule that most resembles a procedure for curing a unsigned document, providing: "During the pendency of the appeal, all documents filed with or presented to the [Board] shall be retained in the files of the [Board]. The [Board] may, however, permit the withdrawal of original documents upon submission of properly authenticated copies to replace the documents." (Emphasis added.) This rule, however, does not provide a specific motion or process for a party to initiate the correction. Presumably, a motion that sought relief in the form of correcting the deficiency could be filed under HAR § 12-47-32. However, there does not appear to be a Board rule requiring a motion to be filed to correct the deficiency as indicated by the D&O. Further, Board rules must be "construed to secure the just, speedy, and inexpensive determination of every proceeding." HAR § 12-47-1.

Under the circumstances of this case, the omitted signature is similar to an insufficiency in the form of a notice of appeal, which does not raise jurisdictional questions:

> A notice of appeal must be both sufficient in form and timely. See City and County of Honolulu v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976). With respect to the first mandate, this court has consistently recognized that "the requirement that the notice of appeal designate the judgment or part thereof appealed from is not jurisdictional." Id. at 275, 554 P.2d at 235 (citations omitted). Further to the foregoing,
>
> > a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.
>
> Id. at 275-76, 554 P.2d at 235 (quoting 9 Moore's Federal Practice 203.18 (1975)) (emphases added).

State v. Bohannon, 102 Hawaiʻi 228, 235, 74 P.3d 980, 987 (2003).

The parties proceeded for over a year before the omitted signature was noticed. A pre-trial statement was issued by the Board which unequivocally provided the parties involved and the issues to be determined, including eight issues from the October Decision. The parties stipulated to forgo a trial and submit memoranda to resolve the issues. Appellants submitted a signed copy of the unsigned appeal document just over two months after the omission was brought to their attention. Cole has not alleged he was misled or that any prejudice resulted from the omitted signature. The record thus shows (1) Appellants' intent to appeal from the October Decision could be fairly inferred and was in fact acted upon by all parties and the Board,[6] and (2) Cole was not misled by the deficiency in the form of Appellants' notice of appeal. Consequently, the missing signature should not have resulted in loss of the appeal.

Further, while this matter does not involve discovery violations, our decision is guided by precedent regarding dismissal of claims as discovery sanctions:

> In reviewing whether a trial court's dismissal of a claim as a discovery sanction constitutes an abuse of discretion, appellate courts consider the following five factors: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party moving for sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 362, 802 P.2d 1203, 1207 (1990) (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir.1988) (other citations and internal quotation marks omitted)).

Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010). The last two factors appear to be the most relevant to our review. Dismissal thwarts the public policy of

---

[6] See generally Kalauli v. Lum, 57 Haw. 168, 170, 552 P.2d 355, 356 (1976) ("The filing of the motion for leave to appeal in forma pauperis in the present case satisfied the requirement of a notice of appeal by putting both the trial court and the opposing party on notice of Appellant's intent to appeal. The fact that the notice of appeal was not in a more conventional form is not shown to have prejudiced Appellee in any way. Indeed, the parties and the trial court, by proceeding with the motion for leave to appeal in forma pauperis, demonstrated their mutual assumption that Appellant's right of appeal had not been foreclosed. Our present determination merely confirms this.")

disposition on the merits, and per HRS § 371-4(k), the Board had less drastic sanctions at its disposal if it determined such was needed to enforce its rules. Again, however, Appellants offered to sign the defective notice of appeal 20 days after it was brought to their attention and submitted a signed copy thereafter. The Board thus abused its discretion when it dismissed Appellants' appeal. See generally Becker v. Montgomery, 532 U.S. 757, 760 (2001) (failure to sign the notice of appeal did not warrant dismissal where federal rule requiring signature permitted cure for an initial failure to meet the requirement "if the notice is timely filed and adequate in other respects, jurisdiction will vest in the court of appeals, where the case may proceed so long as the appellant promptly supplies the signature once the omission is called to his attention.")

This decision is not to be construed as holding the Board is without authority to issue sanctions for non-compliance (or delayed compliance, as the case may be) with its rules. HRS § 371-4(k) provides:

> (k) The [Board] may make or issue any order or take other appropriate steps as may be necessary to enforce its rules and orders and to carry into full effect the powers and duties given to it by law. The [Board] may after notice and reasonable opportunity to be heard by the board:
>
> (1) Impose administrative sanctions; and
>
> (2) Impose monetary sanctions of not more than $250 for each offense against any person who is found to have violated the board's rules or orders, which amounts shall be deposited into the special compensation fund created by section 386-151.

For the reasons discussed above, however, dismissal was not appropriate.[7]

In short, the instant controversy could have been avoided had the Board simply requested Appellants submit a signed copy of the notice of appeal.

---

[7] We note HAR § 12-47-48 provides additional sanction power when conduct rises to the level of contempt or bad faith, or breaches reasonable standards of orderly and ethical conduct. The record here does not support such a finding.

## IV.   CONCLUSION

Accordingly, the (1) March 19, 2013 "Decision and Order," (2) May 13, 2013 "Order Denying Employer's Motion," and (3) June 12, 2013 "Attorney's Fee Approval and Order" all issued by the Labor and Industrial Relations Appeals Board are vacated and this case is remanded for further proceedings consistent with this opinion.

On the briefs:

Robert E. McKee, Jr.
for Employer-Appellant and
Insurance Carrier-Appellant.

Timothy P. McNulty
for Claimant-Appellee.

14