Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000348
17-NOV-2021
08:07 AM
Dkt. 35 ODSLJ

NO. CAAP-21-0000348

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DWIGHT J. VICENTE, Claimant-Appellant-Appellant, v.
HILO MEDICAL INVESTORS, LTD., Employer-Appellee-Appellee,
and AMERICAN HOME ASSURANCE COMPANY/AIG CLAIMS SERVICES,
Insurance Carrier-Appellee-Appellee,
and JOHN MULLEN & COMPANY, INC.,
Insurance Adjuster-Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-259(H)(S); DCD NO. 1-87-00882)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over self-represented Claimant-Appellant-Appellant Dwight J. Vicente's (**Vicente**) appeal from an order denying Vicente's motion to continue trial, by the Labor and Industrial Relations Appeals Board (**LIRAB**), in Case No. 2015-259(H)(S), because the record on appeal in CAAP-21-0000348 does not include a final decision or order by the LIRAB regarding its review of a June 3, 2015 decision by the Director of the Department of Labor and Industrial Relations regarding Vicente's claim for further workers' compensation benefits for a May 3, 1987 injury.

An aggrieved party may appeal from a final decision and order by the LIRAB directly to this court under Hawaii Revised Statutes (**HRS**) §§ 386-88 (2015) and 91-14 (2012). The appealability of a LIRAB decision and order is governed by HRS § 91-14. "[A]n order that finally adjudicates a benefit or

penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawaiʻi 164, 168, 86 P.3d 973, 977 (2004) (citation omitted); see Bocalbos v. Kapiolani Med. Ctr., 89 Hawaiʻi 436, 443, 974 P.2d 1026, 1033 (1999) (holding that "a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91-14(a), even though the matter of permanent disability has been left for later determination.").

Here, no order denying a motion to continue trial by Vicente appears in the record on appeal. Regardless, such an order would not finally adjudicate any benefit or penalty or finally determine the substantive issues in the underlying LIRAB case. Absent an appealable, final decision or order by the LIRAB on the substantive issues in LIRAB Case No. 2015-259(H)(S), the appeal is premature and we lack jurisdiction. Once the LIRAB enters a final, appealable decision or order on the substantive issues in the underlying case, Vicente may appeal from that final, appealable decision or order, and his appeal may include a challenge to the denial of his motion for a trial continuance.

Therefore, IT IS HEREBY ORDERED that appellate case number CAAP-21-0000348 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, November 17, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge