**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000044**
**03-NOV-2022**
**09:41 AM**
**Dkt. 154 ODSLJ**

NO. CAAP-22-0000044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LOLA L. SUZUKI, Claimant-Appellant-Appellant, v.
AMERICAN HEALTHWAYS, INC., Employer-Appellee-Appellee, and
ST. PAUL TRAVELERS, Insurance Carrier-Appellee-Appellee, and
LORNE K. DIRENFELD, M.D.; GARY N. KUNIHIRO, ESQ.; and
SHAWN L.M. BENTON, ESQ., Appellees-Appellees

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD
(CASE NOS. AB 2007-497(S) AND AB 2007-498(S);
DCD NOS. 2-06-14727 AND 2-07-04617)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Nakasone and Chan, JJ.)

Upon review of the record, it appears we lack appellate jurisdiction over self-represented Claimant-Appellant-Appellant Lola Suzuki's (**Suzuki**) appeal from the Labor and Industrial Relations Appeals Board's (**LIRAB**) December 28, 2021 "Order Granting Employer's Second Amended Motion to Compel Attendance at Medical Examination; and Denying Claimant's Motion for Partial Summary Judgment" (**Order**) entered in consolidated LIRAB Case Nos. AB 2007-497 and AB 2007-498.

Hawaii Revised Statutes (**HRS**) §§ 386-88 (2015) and 91-14(a) (2012) authorize an aggrieved party to appeal a final decision and order by the LIRAB to the this court as follows:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we

> have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr. for Women & Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (cleaned up). However, "an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted). But when a determination of a compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case." Mitchell v. State of Hawai'i, Dep't of Educ., 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (citation omitted).

Here, the Order: directs Suzuki to submit to medical examinations to ascertain the extent of her purported neck injury, declines to entertain her request for partial summary judgment, and denies her request for sanctions. It does not end the LIRAB proceedings, leaving nothing further to be accomplished, nor does it finally adjudicate any matter of medical and temporary disability benefits.

Therefore, IT IS HEREBY ORDERED that case number CAAP-22-0000044 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 3, 2022.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge